UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ANDERSEN, | No. C 09-1055 MHP (pr) |
| Plaintiff, | **ORDER DISMISSING FEDERAL CLAIMS AND REMANDING CASE TO STATE COURT** |
| v. | |
| MATTHEW CATE, etc.; et al., | |
| Defendants. | |

## INTRODUCTION

Andrew Andersen, an inmate at Salinas Valley State Prison, filed a pro se civil action in the Monterey County Superior Court concerning conditions at that prison. Defendants removed the action to federal court because it presented a federal question based on the constitutional claims asserted by Andersen. After removal, Andersen filed a first amended complaint. The action is now before the court for initial review of the first amended complaint pursuant to 28 U.S.C. §1915A and for consideration of miscellaneous motions. For the reasons discussed below, the court dismisses the § 1983 claims for failure to state a claim upon which relief may be granted, declines to exercise supplemental jurisdiction over the state law claims remaining, and remands the case to state court so that Andersen may litigate his state law claims there.

## BACKGROUND

A state regulation permits inmates to "acquire authorized personal property packages" based on their "privilege group." 15 Cal. Code Regs. § 3190(e). "Personal property packages shall be ordered by inmates or their correspondents via a departmentally-approved

1 vendor. All packages shall be shipped to the inmate's institution/facility by the
2 departmentally-approved vendor in a sealed container." Id. In this action, Andersen
3 contends that prison officials are improperly confiscating personal property that he has
4 ordered from outside vendors and improperly disallowing items that he should be allowed to
5 order from outside vendors.

6 The first amended complaint ("FAC") alleges the following: Outside vendors produce
7 catalogs for inmates to look through and from which they may order. The catalogs contain
8 only items pre-approved by the California Department of Corrections ("CDCR") to comply
9 with an Approved Personal Property Schedule ("APPS"). A regulation, 15 Cal. Code Regs. §
10 3190, and provisions in the CDCR's Department Operations Manual ("DOM"), govern what
11 property inmates may possess and order from approved vendors. According to Andersen, the
12 DOM states that approved vendors are only allowed to sell items that are approved by the
13 CDCR based on the APPS. Also according to Andersen, the DOM or regulations provide
14 that a prison can withhold items from inmate packages received from vendors only if that
15 prison follows certain specified procedures for obtaining an exemption from the list of
16 allowable items, and there are restrictions on when and what items may be taken from inmate
17 packages. Defendants allegedly have not complied with the state requirements for
18 withholding and disallowing items that otherwise should be available to someone in
19 Andersen's housing. In 2007, prison officials confiscated malt balls and candy bars without
20 previously notifying Andersen that the items were not allowed. In 2008, prison officials
21 confiscated a clip-on book lamp and four boxes of Pasta Roni that were approved under the
22 DOM. From March 2007 through the present, some prison officials have confiscated certain
23 items that were allowable, without complying with the requirements to exempt those items.
24 In 2009, prison officials confiscated Moon Pies and detergent from Andersen's incoming
25 packages, even though these were allowable items. Andersen contends that "no exemption
26 list was properly filed with the SPU and that the items taken from inmates were improperly
27 held or forced to be donated, destroyed, or mailed out." FAC, ¶ 23. In response to an inmate
28 appeal at the highest level, a CDCR official responding to the appeal wrote that Salinas

2

1 Valley officials should not be confiscating items on the approved list and then requiring the
2 inmate to pay to have them returned. Id. at ¶ 27.  Items being disallowed at Salinas Valley
3 allegedly are being allowed at other CDCR facilities of equal and higher security levels.  And
4 there is even arbitrary enforcement of the restrictions within Andersen's facility.  Andersen
5 also complains that once he did receive the exemption list, it was unacceptably ambiguous in
6 that it didn't list serving sizes or whether the listed items required boiling water.

7 The complaint list fourteen causes of action: several federal due process claims, as
8 well as several state law claims (including claims for fraud, claim and delivery, failure to
9 comply with regulations, negligence, nuisance, violation of mandatory duty, and negligent
10 training and supervision).

## DISCUSSION

A. <u>Review Of First Amended Complaint</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. §1915A(a).  The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Allegations that a plaintiff has been deprived of his property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under § 1983 if the deprivation was random and unauthorized, <u>see</u> <u>Parratt v. Taylor</u>, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), <u>overruled in part on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986); <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides an

3

1 adequate state post-deprivation remedy, see Zinermon v. Burch, 494 U.S. 113, 128-29 (1990)
2 (where state cannot foresee and therefore provide meaningful hearing prior to deprivation,
3 statutory provision for post-deprivation hearing or common law tort remedy for erroneous
4 deprivation satisfies due process); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994)
5 (citing Cal. Gov't Code §§ 810-895).

The allegations in the complaint that Andersen's personal property was confiscated or disallowed in contravention of state law are not cognizable in a § 1983 action. The allegations show random and unauthorized deprivations of personal property, but that kind of conduct does not amount to a violation of any federal constitutional right. Unauthorized deprivations of personal properly may amount to state law violations but do not amount to federal due process violations. Although Andersen pled several separate federal due process "causes of action," none have any legal merit.

The eleventh cause of action, which alleges that defendants are improperly confiscating or disallowing property for Andersen that he would be allowed to have at other similar security facilities is dismissed because it is for the unauthorized deprivation of personal property.

The second and third causes of action must be dismissed because the facts alleged contradict the legal claims alleged. In the second and third causes of action, Andersen alleges due process violations based on defendants' policy, procedure, practice or custom of *authorized* taking of property without notice and without just compensation. These claims are dismissed because both incorporate the factual allegations at pages 6-12 that plainly allege these actions are *unauthorized*. This is not merely a pleading flaw that should be overlooked for a pro se litigant, but instead goes to the core of the case: it is the fact that the defendants are disallowing items that are allowed under the rules that is the very heart of the complaint.

Some due process "causes of action" amount to claims of a procedurally protected interest in a procedure, rather in the property itself. If a prisoner has a constitutionally protected property interest, he has the right to certain procedures (such as notice and an

4

opportunity to be heard) in connection with the deprivation of that property, just as if he has a constitutionally protected liberty interest, he has the right to certain procedures (such as notice and an opportunity to be heard) in connection with the deprivation of that liberty. Andersen's first, fourth and seventh causes of action go astray in that they claim a protected interest in a procedure or claim procedural protections that simply are not required before one may be deprived of personal property. Cf. Carver v. Lehman, 558 F.3d 869, 875 (9th Cir. 2009) (quoting Olim v. Wakinekona, 461 U.S. 238, 250-51 n.12 (1983)) ("'expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause'"). The the first cause of action alleges that defendants violated Andersen's federal right to due process by "the policy and practice of unreasonable delay for decision on exemption requests when no pre-deprivation notice was given and property is held." FAC, p. 13. This amounts to an assertion that a prisoner should have a right to notice and an opportunity to be heard as to whether defendants could delay making their decision. The Due Process Clause provides no such protection. The fourth cause of action has the same problem in that it claims a due process violation based on the policy and practice of "deceiving plaintiff and similarly situated inmates that a proper exemption request based on safety and security was filed with DAI and still pending a decision," FAC, p. 19. The seventh cause of action also appears to claim a protected interest in a procedure, as it alleges a due process violation based on failure to train and supervise subordinates in "appropriate policies, procedures and practices for the noticing, seizure and compensation of pre-approved property inmates order from pre-approved vendors." FAC, p. 21.

The ninth cause of action is labeled a due process claim "for calculated harassment." There is no such federal due process right.

All of the § 1983 claims for federal due process violations are dismissed.

B.    Remand

With the dismissal of the § 1983 claims, there remain for adjudication several state law claims pled in the complaint. The court declines to exercise supplemental jurisdiction over the state law claims now that the federal question claims have been dismissed. See 28

5

U.S.C. § 1367(c)(3). The case therefore will be remanded to state court. See Swett v. Schenk, 792 F.2d 1447, 1450 (9th Cir. 1986) ("it is within the district court's discretion, once the basis for removal jurisdiction is dropped, whether to hear the rest of the action or remand it to the state court from which it was removed"); Plute v. Roadway Package System, Inc., 141 F. Supp. 2d 1005, 1007 (N.D. Cal. 2001) (court may remand sua sponte or on motion of a party).

## CONCLUSION

Defendants' motions for an initial screening are GRANTED. (Docket #s 2 and 31.) This order is the initial screening order. The claims asserted under 42 U.S.C. § 1983 are dismissed without leave to amend. With the dismissal of the § 1983 claims, only state law claims remain, and the court declines to exercise supplemental jurisdiction over them. This ruling makes moot all the other pending motions; the court therefore DENIES plaintiff's motions to proceed as a pauper, to require defendants to file a copy of the state court record, for a preliminary injunction, to appoint counsel, to continue discovery, and to remand, as well as his request to take the remand motion off calendar. (Docket #s 7, 10, 12, 14, 15, 16, 25, 27 and 32.)

The action is remanded to the Monterey County Superior Court for such other and further proceedings as that court deems proper. The clerk shall close the file and send the necessary materials to the Monterey County Superior Court for the remand.

IT IS SO ORDERED.

Dated: May 12, 2009

_____
Marilyn Hall Patel
United States District Judge

6